**EXHIBIT A**

# SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of all Claims ("Agreement") is a legally binding agreement between Karen Poole ("Plaintiff"), and Bobby J. Bergeron, Louis F. Nicholson, III, GulfCoast LTC Partners, Inc., and Corrigan LTC Partners, Inc., for themselves, their parent(s), their subsidiaries and related entities, and all of their predecessors, successors, assigns, trustees, officers, directors, insurers, fiduciaries, agents, attorneys, and employees, including but not limited to Alvarado LTC Partners, Inc., Cambridge LTC Partners, Inc., Groesbeck LTC Partners, Inc., Hemphill LTC Partners, Inc., Hughes Springs LTC Partners, Inc., Lakeridge LTC Partners, Inc., Mexia LTC Partners, Inc., Mi Casita LTC Partners, Inc., Park Plaza LTC Partners, Inc., Travis Heights Healthcare, Inc., Weimar Assisted Living Partners, Inc., Weimar LTC Partners, Inc., and West Texas LTC Partners, Inc. (collectively, "Defendants") (Plaintiff and Defendants collectively, the "Parties").

Plaintiff initiated a lawsuit against Defendants in the United States District Court, Eastern District of Texas, Marshall Division, styled and numbered, *Karen Poole v. GulfCoast LTC Partners, Inc., Corrigan LTC Partners, Inc., Bobby J. Bergeron, and Louis F. Nicholson, III*, C.A. No. 2:11-cv-00082 (the "Lawsuit"). In the Lawsuit, Plaintiff claims she is entitled to back pay, liquidated damages, and attorneys' fees for alleged violations of the Fair Labor Standards Act ("FLSA").

Defendants expressly deny Plaintiff's claims. Defendants also deny that they may be liable to Plaintiff on any grounds arising out of her employment relationship with any of the Defendants. Plaintiff and Defendants desire to avoid protracted and expensive litigation and to resolve any and all disputes that they have or may have.

In consideration of the provisions of this Agreement, Plaintiff and Defendants do mutually agree and do hereby fully and finally settle all such matters as follows:

16446773v.3

1. <u>Payment.</u> Defendants will pay the total sum of four thousand five hundred dollars and zero cents ($4,500.00), to be distributed as follows:

    (a) <u>Payment For Alleged Unpaid Wages Under The FLSA</u>. Defendants will issue one check to Karen Poole in the amount of ONE THOUSAND ONE HUNDRED SEVENTY-ONE DOLLARS AND EIGHT CENTS ($1,171.08) **(less applicable payroll withholdings and taxes)**, which represents Plaintiff's claim for alleged unpaid wages due under the FLSA. Corrigan LTC Partners, Inc. will issue a Form W-2 to Karen Poole (social security number xxx-xx-2394) for this amount.

    (b) <u>Payment For Alleged Liquidated Damages</u>. Defendants will issue one check to Karen Poole in the amount of ONE THOUSAND DOLLARS AND ZERO CENTS ($1,000.00), representing her claim for liquidated damages. Corrigan LTC Partners, Inc. will issue a Form 1099 to Karen Poole (social security number xxx-xx-2394) for this amount.

    (c) <u>Payment for Alleged Attorneys' Fees and Costs</u>. Defendants will issue one check to Zeleskey Law Firm PLLC in the amount of TWO THOUSAND THREE HUNDRED TWENTY-EIGHT DOLLARS AND NINETY-TWO CENTS ($2,328.92), which represents all attorneys' fees and costs from the Lawsuit. Corrigan LTC Partners, Inc. will issue a Form 1099 to Zeleskey Law Firm PLLC (taxpayer identification number xx-xxx3706), to reflect this payment.

2. <u>Timing of Payment.</u> Except as otherwise provided, the aforementioned checks will be issued no later than thirty (30) days after the Court overseeing the Lawsuit approves this Agreement and enters an order dismissing the Lawsuit. The Parties expressly agree that payment by Defendants is contingent upon the approval of the terms and conditions of this Agreement by the Court overseeing the Lawsuit.

16446773v.3

3. <u>Indemnification</u>. Except as otherwise provided, this Agreement constitutes a full and complete settlement of all of Plaintiff's claims against Defendants. Neither Defendants nor their agents make any representations or warranties to Plaintiff regarding the tax treatment or consequences of the payments made to Plaintiff under the provisions of this Agreement. Plaintiff agrees to indemnify and hold Defendants harmless from any and all liens, actions, or claims on the part of the Internal Revenue Service or any other tax authority with respect to Plaintiff's own liability with regard to the payments described in this Agreement. This indemnity and hold harmless agreement will apply to the full amount of any such liens, actions, or claims and any expenses incurred in connection with them.

4. <u>Plaintiff Releases All Claims</u>. In exchange for the payments and other consideration described in this Agreement, Plaintiff agrees for herself, her predecessors, successors and anyone claiming through or under her to forever release and discharge Defendants, their parent(s) and their predecessors, successors and assigns, all parent, subsidiary, related companies, and all past, present and future officers, directors, agents and employees from any and all claims that Plaintiff now has, whether or not she currently knows about said claims, including, without limitation, all claims arising out of or relating to her employment with any of the Defendants to the date of this Agreement, including, but not limited to, breach of contract, violation of any federal, state or local civil rights, compensation, or other law, including but not limited to the Fair Labor Standards Act, the Texas Payday Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866 and 1871, the Civil Rights Act of 1991, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, the Age Discrimination in Employment Act, defamation, wrongful termination of employment, intentional or negligent infliction of emotional distress, negligence, and any claims for unlawful employment or compensation practices, and all

claims for attorneys' fees or costs. Plaintiff agrees she will not bring any lawsuits or make any other demands against Defendants relating to the claims that she has hereby released, except as necessary to enforce this Agreement. Plaintiff agrees that the payment set forth in Paragraph 1 shall constitute full payment of any such disputed wages, compensation, final compensation, or other benefits.

5. No Pending Administrative Claims. Plaintiff hereby verifies that she has not, other than the Lawsuit, joined or initiated any legal or administrative proceeding (or participated in any legal or administrative proceeding) against Defendants, regarding any matter or claim listed in Paragraph 4. Should Plaintiff join or initiate any legal or administrative proceeding against Defendants regarding any matter or claim listed in Paragraph 4, she expressly waives all of her rights, if any, to any recovery from the legal or administrative proceeding.

6. Full Confidentiality. Plaintiff agrees to treat the terms of this Agreement as strictly confidential. This means that Plaintiff will not, unless required by law to do so, reveal the existence or terms of this Agreement to any person except immediate family members (including spouse, if applicable), attorneys, or other professional advisors (including tax advisors) to whom the disclosure is necessary for the rendering of professional services. If asked about the lawsuit by persons other than her immediate family members, attorneys, or other professional advisors as noted above, Plaintiff will say only that "the matter has been resolved."

7. Non-Disparagement. Plaintiff agrees not to express any derogatory or damaging statements about Defendants, the management of Defendants, or the business condition of Defendants in any public way or to anyone who could make these statements public.

8. Approval of Agreement by the Court and Dismissal Of Lawsuit. The Parties shall file with the Court overseeing the Lawsuit a joint motion for approval of this settlement and entry of

an order of dismissal. In resolving Plaintiff's claims, if a judgment is required by either party, or the Court, the Parties agree to stipulate to any judgment that gives effect to the terms of this Agreement.

9. <u>Non-Admission</u>. Plaintiff and Defendants recognize and agree that this Agreement does not constitute an admission by Defendants, their officers or employees of any violation of any principle of common law or any federal, state, or local statute, regulation, or ordinance.

10. <u>Invalidity</u>. If one or more of the provisions of this Agreement should be deemed invalid, illegal, or unenforceable, in any respect, the validity, legality and enforceability of the remaining provisions will be unaffected. If Plaintiff alleges that this release, waiver, or agreement is invalid, illegal, or unenforceable in whole or in part through any action initiated by Plaintiff, or if Plaintiff initiates, conducts, encourages, or participates in proceedings or litigation seeking relief or recovery for herself (either collectively or independently) based on any of the released claims and causes of action, Defendants' obligations under this Agreement shall be nullified.

11. <u>Assignment</u>. This Agreement is not assignable, in whole or in part, by Plaintiff.

12. <u>Governing Law</u>. This Agreement will be construed and enforced in accordance with the laws of the State of Texas. The prevailing party in any action to enforce this agreement will be entitled to recover attorneys' fees and costs.

13. <u>Voluntary and Knowing Actions</u>. Plaintiff and Defendants represent and agree that Plaintiff has had the opportunity to be represented by her own legal counsel, that she has thoroughly read and understands the terms of this Agreement, and that she is voluntarily entering into this Agreement to resolve her claims against Defendants.

14. <u>Ownership Of Claims</u>. Plaintiff represents that she has not transferred or assigned, or purported to transfer or assign, to any person or entity, any claim described in this Agreement.

Plaintiff further agrees to indemnify and hold harmless Defendants against any and all claims based upon, arising out of, or in any way connected with any such actual or purported transfer or assignment.

15. <u>No Reinstatement</u>. Plaintiff specifically waives any right she may have to reinstatement and/or re-employment by any of the Defendants and agrees never to knowingly seek or accept re-employment or future employment with any of the Defendants or any of their related or affiliated offices, entities, divisions or companies, or any Defendants' company or subsidiary. Plaintiff agrees that should she apply or be hired in the future, this paragraph of the Agreement is sufficient legal grounds for denying employment or termination of employment.

16. <u>Entire Settlement Agreement.</u> This Agreement sets forth the entire agreement between Plaintiff and Defendants and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to sign this Agreement, except for those set forth in this Agreement.

17. <u>Counterparts.</u> This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**SIGNATURE PAGE TO FOLLOW**

IN WITNESS WHEREOF, the Parties hereto have executed this Settlement Agreement and Release of All Claims on the respective date set forth below.

DATED: 12/12/13        _____
                       Karen Poole, Plaintiff

DATED: 12/13/13        GULFCOAST LTC PARTNERS, INC.

                       By: _____

                       Its: _____CFO_____

DATED: 12/13/13        CORRIGAN LTC PARTNERS, INC.

                       By: _____

                       Its: __Vice President_____

DATED: 12/13/13        _____
                       Bobby J. Bergeron, Defendant

DATED: 12/13/13        _____
                       Louis F. Nicholson, III, Defendant

16446773v.3